The STATE of Ohio, Appellee,

v.

ROSENBERGER, Appellant.█

[Cite as *State v. Rosenberger* (1993), 90 Ohio App.3d 735.]

Court of Appeals of Ohio,
Summit County.

No. 16235.

Decided Oct. 20, 1993.

────

736

*Lynn Slaby,* Summit County Prosecuting Attorney, and *William D. Wellemeyer,* Assistant Prosecuting Attorney, for appellee.

· *Barbara S. Eckberg,* for appellant.

---

REECE, Judge.

Defendant-appellant, John Rosenberger, appeals his conviction on one count of sexual battery under R.C. 2907.03(A)(2). We affirm.

On October 2, 1992, the grand jury indicted Rosenberger on charges of sexual battery. The indictment charged Rosenberger, age thirty, with having sexual contact from January 1981 to December 1985 with his stepsister, who was between the ages of nine and fourteen at the time. On November 24, 1992, Rosenberger moved to dismiss the indictment, asserting that his prosecution on the charges was barred by the six-year statute of limitations, R.C. 2901.13(A)(1). The trial court denied Rosenberger's motion to dismiss, finding that the *corpus delicti* of his sexual battery was not discovered until January 1987.

Rosenberger also moved to suppress statements he made to the police during the investigation of the sexual battery charges but prior to his arrest. The trial court denied the motion to suppress. The court found that Rosenberger had been given *Miranda* warnings, had understood and waived his *Miranda* rights, and had voluntarily made the statements free from any inducement or coercion.

On April 13, 1992, Rosenberger entered a plea of no contest, and the trial court found him guilty on one count of sexual battery. The court sentenced Rosenberger to a one-year term of imprisonment. The court suspended the sentence and placed Rosenberger on probation for one year provided that he serve ninety days in the Summit County Jail or the Oriana Halfway House program.

Rosenberger appeals, asserting that his prosecution was barred by the statute of limitations, that his statements to the police were not made voluntarily, and that the trial court abused its discretion in sentencing him to serve ninety days in the halfway house program.

## Assignment of Error I

"The trial court erred as a matter of law in overruling defendant-appellant's motion to dismiss for lack of jurisdiction due to the fact that the statute of limitations had expired."

Under R.C. 2901.13(A)(1), a prosecution for a felony other than murder or aggravated murder must be commenced within six years after the felony is committed or the prosecution is barred. However, under R.C. 2901.13(F), this

period of limitation does not begin to run until the *corpus delicti* of the crime is discovered.

In prosecutions for child sexual abuse, the Ohio Supreme Court has held that for statute of limitations purposes, "the *corpus delicti* of crimes involving child abuse or neglect is discovered when a responsible adult, as listed in R.C. 2151.421, has knowledge of both the act and the criminal nature of the act." *State v. Hensley* (1991), 59 Ohio St.3d 136, 571 N.E.2d 711, syllabus. R.C. 2151.421 provides in pertinent part:

"(A)(1) No attorney, physician, * * * registered nurse, licensed practical nurse, visiting nurse, [or] *other health care professional,* * * * *who is acting in his official or professional capacity* and knows or suspects that a child under eighteen years of age * * * has suffered or faces a threat of suffering any physical or mental wound, injury, disability, or condition of a nature that reasonably indicates abuse or neglect of the child, shall fail to immediately report or cause reports to be made of that knowledge or suspicion * * *." (Emphasis added.)

Under R.C. 2901.13(E), a prosecution is commenced on the date the defendant is lawfully arrested. Rosenberger was lawfully arrested on September 8, 1992. The last act of sexual contact Rosenberger had with his stepsister was in December 1985, nearly seven years before his arrest. Consequently, Rosenberger's prosecution was barred unless the *corpus delicti* of his sexual battery was not discovered until after September 8, 1986.

Most of Rosenberger's acts of sexual abuse occurred while he lived in the same house with the victim and her mother, who at the time was married to Rosenberger's father. Sometime in 1985, the victim's mother became aware of the sexual abuse and discussed it with a neighbor who lived across the street. This neighbor was employed by Coventry Township as a paramedic. The victim never discussed the sexual abuse with anyone until January 1987 when she was undergoing psychiatric counseling for depression. From these facts, we must determine when a "responsible adult" as defined in *Hensley* acquired knowledge of Rosenberger's sexual abuse, thereby commencing the six-year limitation period.

█ The Supreme Court has explicitly held that a parent's knowledge of sexual abuse does not trigger the limitation period because "a parent, for sundry reasons, may not always report the alleged sexual abuse or neglect in a timely manner." *Hensley, supra,* 59 Ohio St.3d at 141, 571 N.E.2d at 716. Accordingly, even though the victim's mother in this case was aware of Rosenberger's sexual abuse in 1985, this knowledge did not commence the limitation period.

■ The state has conceded that a paramedic falls under the rubric of "other health care professionals" as enumerated in R.C. 2151.421. Thus, the neighbor of the victim's mother, who was employed as a paramedic, would be classified as a responsible adult under *Hensley*.

■ The state argues, however, that merely establishing that a responsible adult has acquired knowledge of sexual abuse is not enough to commence the limitation period. Instead, the state contends that the limitation period begins to run only if the responsible adult acquired the requisite knowledge while acting in his official or professional capacity. We agree.

In establishing the rule in *Hensley*, the Supreme Court stated that "[o]ur objective is to strike a proper balance between the need to place some restriction on the time period within which a criminal case may be brought, and the need to ensure that those who abuse children do not escape criminal responsibility for their actions." *Id.*, 59 Ohio St.3d at 139, 571 N.E.2d at 714. In striking this balance, the court found that, even though the victim may know the abuse is wrong or even criminal, the ends of justice would not be served by imposing the burden to report the abuse upon a child who, for traumatic reasons, would naturally be inhibited from revealing it. *Id.* at 138–139, 571 N.E.2d at 713–715. Consequently, the court decided that the ends of justice would best be served by tolling the limitation period until a responsible adult, as listed in R.C. 2151.421, obtained knowledge of the sexual abuse because these individuals were under a statutory duty to immediately report any suspected sexual abuse to certain governmental agencies. *Id.* at 139, 571 N.E.2d at 714.

This statutory duty to report suspected sexual abuse, however, arises only if an individual listed in R.C. 2151.421 "is acting in his official or professional capacity." The language in the statute is clear and unambiguous and establishes a condition precedent to the legal duty to report sexual abuse. Therefore, under *Hensley*, the ends of justice would not be served if the limitation period began to run when the responsible adult was not acting in his official or professional capacity because the responsible adult would not be under a statutory duty to report the suspected abuse.

In this case, we find that the neighbor was not acting in his official or professional capacity as a paramedic when he obtained knowledge of Rosenberger's sexual abuse from the mother of the victim. The neighbor testified at the hearing on the motion to dismiss that his two daughters were both close friends of the victim and that he and his wife were friends of the victim's parents and frequently talked with them, often discussing each other's children. The neighbor also testified that "[w]e discussed it with her, and my wife and I discussed and wondered if our children knew about it, and just explained to her that it is really not our business. As long as you knew about it, you should handle it as a

parent." Thus, under these particular circumstances, the evidence indicates that when the victim's mother revealed her knowledge of Rosenberger's sexual abuse, she was confiding in her neighbor as a personal friend and not conferring with him in his professional capacity as a paramedic.

■ Accordingly, the statute of limitations did not begin to run when the victim's mother discussed the sexual abuse with her neighbor, the paramedic, because he was not acting in his official or professional capacity at the time. Therefore, Rosenberger's crime was not discovered until the victim disclosed the existence of the sexual abuse during professional counseling in January 1987. Rosenberger was lawfully arrested in September 1992. Consequently, Rosenberger's prosecution was commenced within the six-year statute of limitations period.

Appellant's first assignment of error is overruled.

### Assignment of Error II

"The trial court erred as a matter of law in refusing to suppress certain statements made by defendant-appellant."

■ Rosenberger argues that, even though he knowingly and voluntarily waived his *Miranda* rights prior to being questioned by the police, his statements should nonetheless be suppressed because they were not given voluntarily. Once the admissibility of a confession is challenged, the state must prove voluntariness by a preponderance of the evidence. *State v. Melchior* (1978), 56 Ohio St.2d 15, 25, 10 O.O.3d 8, 14, 381 N.E.2d 195, 201–202. "Whether a confession is voluntary depends upon ' * * * the totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment, and the existence of threat or inducement.' " *State v. Brewer* (1990), 48 Ohio St.3d 50, 58, 549 N.E.2d 491, 499, certiorari denied (1990), 498 U.S. 881, 111 S.Ct. 218, 112 L.Ed.2d 177.

■ Rosenberger is a college-educated adult. After being contacted by Detective Limbert, Rosenberger voluntarily went to the Summit County Sheriff's Office fully aware that Detective Limbert was going to question him concerning the sexual abuse allegations. Prior to this questioning, Rosenberger called children's services inquiring about the statute of limitations.

When he went to the sheriff's office, Detective Limbert read Rosenberger his *Miranda* rights and Rosenberger signed a waiver form that also listed his *Miranda* rights. Rosenberger testified at the suppression hearing that he did not feel as if he was under arrest during the questioning. He also testified that Detective Limbert made no threats and that she was "very nice and friendly." When asked if Detective Limbert had coerced him into making his statements,

Rosenberger stated that he was told that his cooperation would help and that nothing would probably come of the investigation. Detective Limbert testified that she told Rosenberger that she did not know what would happen to him until she talked to the prosecutor's office because of the statute of limitations issue.

Under the totality of the circumstances, we conclude that Rosenberger's statements were made voluntarily. Rosenberger had complete knowledge of why he was being questioned, and the statute of limitations issue was not used as an inducement to entice him into talking. The atmosphere during questioning was not oppressive, and Detective Limbert made no threats. Finally, Detective Limbert made no promises to Rosenberger that, by their nature, would have motivated him to make an involuntary statement. See *State v. Arrington* (1984), 14 Ohio App.3d 111, 114–115, 14 OBR 125, 128–130, 470 N.E.2d 211, 215–216; *State v. Roderick* (Sept. 30, 1992), Summit App. No. 15503, unreported, at 5, 1992 WL 247510.

The appellant's second assignment of error is overruled.

### Assignment of Error III

"The trial court abused its discretion in sentencing defendant-appellant to serve ninety (90) days in the Oriana Halfway House without properly considering the mitigating factors as set forth in O.R.C. 2929.12."

In sentencing, a trial court generally does not abuse its discretion if it sentences a defendant to a term of imprisonment that falls within the statutory guidelines. *State v. Coyle* (1984), 14 Ohio App.3d 185, 186–187, 14 OBR 203, 204–205, 470 N.E.2d 457, 459. Additionally, if the record is silent, it is presumed that the trial court considered the mitigating criteria listed in R.C. 2929.12 when it determined the term of imprisonment. *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus.

Rosenberger was convicted on one count of sexual battery under R.C. 2907.03(A)(2), a felony of the third degree. A felony of the third degree carries a minimum sentence of one year and a maximum of two years. R.C. 2929.11(D)(1). The court sentenced Rosenberger to the minimum sentence of one year. Because the court sentenced Rosenberger to the minimum statutory term, the court did not abuse its discretion and Rosenberger cannot claim any prejudice in the alleged failure of the court to consider the sentencing criteria in R.C. 2929.12. *State v. Coyne* (July 29, 1992), Medina App. No. 2081–M, unreported, at 4, 1992 WL 181014. Appellant's third assignment of error is overruled.

Accordingly, Rosenberger's conviction and sentence are affirmed.

*Judgment affirmed.*

Quillin, P.J., and Dickinson, J., concur.