OPINION
This matter is before us pursuant to a motion filed by Appellant's appointed counsel seeking dismissal of this appeal for lack of any appealable issue. For the following reasons, we affirm the judgment of the trial court.
On August 18, 1995, Appellant Adrian Gordon was indicted on one count of aggravated robbery in violation of R.C. § 2911.01(A)(1)(B), with a firearm specification, and one count of receiving stolen property in violation of R.C. § 2913.51(A)(B). These charges stemmed from an incident which occurred on July 20, 1995. While awaiting trial on these charges, Appellant was indicted on October 17, 1997, on one count of possession of cocaine in violation of R.C. § 2925.11(A)(C)(4)(b) for an offense which occurred on September 9, 1997.
Pursuant to a Crim.R. 11 plea agreement, the State of Ohio amended the charge of aggravated robbery to a single count of theft in violation of R.C. § 2913.02, dismissed the firearm specification and dismissed the charge of receiving stolen property in exchange for Appellant's guilty plea to the theft charge. In addition, the State recommended that the sentence on the theft charge run concurrently with the sentence Appellant was to receive on the cocaine possession charge, to which Appellant also agreed to plead guilty.
Following a hearing pursuant to Crim.R. 11(C), the trial court accepted Appellant's guilty pleas. After a pre-sentence investigation the trial court sentenced Appellant to an indefinite term of two to five years of incarceration for theft and to a definite term of fifteen months of incarceration for possession of cocaine. The trial court ordered the sentences to run concurrently and filed separate judgment entries on the sentencing for each charge on June 12, 1998.
On July 17, 1998, Appellant filed a motion to file a delayed appeal and his notice of appeal. On August 10, 1998, we sustained Appellant's motion.
On February 19, 1999, Appellant's appointed counsel filed a "Motion to Dismiss Appeal," arguing that the record does not support any appealable issues. Subsequently, we granted Appellant thirty days to raise any prose assignments of error. Appellant acting pro se has not responded within the allotted time.
In State v. Toney (1970), 23 Ohio App.2d 203, we set forth the procedure to be used when counsel of record determines that an indigent's appeal is frivolous:
 "3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.
"4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.
"5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.
"* * *
"7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed."
Id., syllabus of the court.
We have also determined that in the absence of appointed counsel's request to withdraw and in the absence of any pro se argument, our analysis on appeal concerns only the fifth element of State v. Toney.State v. Sanguinetti (March 30, 1999), Mahoning App. No. 94 C.A. 229, unreported. Upon a thorough review of the record and transcripts before us, we must conclude that this appeal is wholly frivolous.
As Appellant was convicted and sentenced pursuant to his guilty pleas, the most likely grounds for possible appeal involve the trial court's acceptance of those pleas and the propriety of sentencing. With respect to the Appellant's pleas, before accepting a plea of guilty to a felony, the trial court must personally address a defendant and determine that the plea is made voluntarily and with the understanding of the nature of the charges and of the maximum penalty involved and, if applicable, that the defendant is not eligible for probation or community control sanctions. Crim.R. 11(C)(2)(a). The trial court must also inform the defendant of the effect of his guilty plea and determine that the defendant understands this effect. The trial court may then proceed directly to sentencing. Crim.R. 11(C)(2)(b). Finally, it is incumbent upon the trial court to inform the defendant, and to determine that the defendant understands, that by making his plea the defendant is waiving his rights to jury trial, to confront witnesses, to have compulsory process for obtaining favorable witnesses and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial where the defendant cannot be compelled to testify against himself or herself. Crim.R. 11(C)(2)(c).
The record in the present case contains a transcript of the hearing held pursuant to Crim.R. 11(C). Our review of this transcript reveals that the trial court conducted a conscientious inquiry of Appellant and made all necessary determinations pursuant to Crim.R. 11(C). Any appeal of Appellant's guilty plea would therefore be frivolous.
With respect to the sentences imposed by the trial court, we note that the theft charge stemmed from events prior to revisions in Ohio sentencing law pursuant to Senate Bill 2, effective July 1, 1996, while the cocaine possession charge emanated from events subsequent to the enactment of Senate Bill 2 revisions. Sentences for crimes committed prior to the enactment of Senate Bill 2 are reviewed under the abuse of discretion standard. State v. Perkins (1994), 93 Ohio App.3d 672,684-685. We have held that, "[a] trial court generally does not abuse its discretion when a term of imprisonment in a case falls within the statutory guidelines." State v. Hoffman (July 24, 1996), Mahoning App. No. 94 C.A. 231, citing State v. Rosenberger (1993), 90 Ohio App.3d 735,741. The trial court sentenced Appellant to an indefinite term of two to five years incarceration for theft, a fourth degree felony, pursuant to pre-Senate Bill 2 guidelines. Under former R.C. § 2929.11(B)(7), a fourth degree felony was punishable by an indefinite term of eighteen months to five years incarceration. As Appellant's sentence for this crime fell within the allowable range, the trial court did not abuse its discretion and any appeal on this issue would be frivolous.
Since the passage of Senate Bill 2, appeals of felony sentences have been subject to R.C. § 2953.08. As it existed at the time Appellant was sentenced for possession of cocaine, a fourth degree felony, R.C. § 2953.08 provided that a reviewing court in a felony sentence may increase, reduce, or otherwise modify the sentence or vacate it and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(a) That the record does not support the sentence;
"* * *
"(d) That the sentence is otherwise contrary to law."
Pursuant to R.C. § 2929.14(A)(4), a fourth degree felony is punishable by a prison term of be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. R.C. § 2929.12(A) provides that unless a mandatory term is required, a trial court has discretion to determine the most effective way to comply with the principles and purposes of sentencing set forth in R.C. § 2929.11, to protect the public from future crime and to punish the offender. R.C. § 2929.12(A) also provides that the trial court must consider the seriousness and recidivism factors set forth in that section.
In the matter before us, the record reflects that the trial court considered overriding purpose of felony sentencing. (Sentencing Tr. p. 12). The trial court also considered appropriate seriousness and recidivism factors. (Sentencing Tr. p. 12). The record in its entirety supports Appellant's sentence and the sentence is not contrary to law. Therefore, any appeal of Appellant's post Senate Bill 2 sentence would be wholly frivolous.
As our review of the record has revealed no appealable issue, the judgment and sentence of the trial court is hereby affirmed.
Vukovich, P.J. concurs.
Donofrio, J., concurs.